**LI ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2292–ag.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

Oleh R. Tustaniwsky, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Song E. Park, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Zhang, a native and citizen of China, seeks review of an April 30, 2007 order of the BIA affirming the November 22, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying Zhang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang,* No. A 95 688 033 (B.I.A. Apr. 30, 2007), *aff'g* No. A 95 688 033 (Immig. Ct. N.Y. City Nov. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ We find no error in the agency's conclusion that Zhang failed to meet her burden of proof in establishing eligibility for asylum. The INA provides that a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure is deemed to have been persecuted on account of political opinion. *See* 8 U.S.C. § 1101(a)(42). We have held, however, that an applicant does not establish past persecution on the basis of the forced abortion or sterilization of a parent. *See Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005); *see also Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 197 (2d Cir.2005)(holding that parents and in-laws of people persecuted under a coercive family planning policy are not *per se* eligible for asylum), *overruled in part on other grounds by Shi Liang Lin,* 494 F.3d 296.

In her brief, Zhang invites us to overrule our decision in *Ai Feng Yuan,* in which we held that one is not *per se* eligible for asylum on the basis of her children's persecution under a coercive family planning policy. Indeed, that decision has already been overruled in part to the extent it could be read to find that the spouse of a person who suffered a forced abortion or sterilization is per se eligible for asylum. *See Shi Liang Lin,* 494 F.3d at 305. In *Shi Liang Lin,* we determined that "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Id.* at 308. We further held that individuals who had not themselves undergone the procedures must seek relief under the two remaining categories of INA § 601(a), providing protection to applicants who demonstrate persecution based on their "other resistance to a coercive population control program" or "a well-founded fear that he or she will be ... subject to persecution for such. resistance...." *Id.* at 309–10 (quoting 8 U.S.C. § 1101(a)(42)). Relying directly on that holding, we subsequently held that one is not *per se* eligible for asylum based upon his or her parent's harm under a coercive

family planning policy, thus reinforcing the continuing vitality of *Shao Yan Chen* and *Ai Feng Yuan. See Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007).

Here, there is no evidence that Zhang personally was harmed under the family planning policy where she acknowledged that she is single, has no children and was never personally threatened with sterilization. Moreover, she has failed to demonstrate any "other resistance" to the family planning policy. *See Shi Liang Lin,* 494 F.3d at 309–10. As Zhang no longer argues that leaving China illegally constituted "other resistance" to the family planning policy, we deem that argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice).

As to Zhang's claimed fear of future persecution, the agency properly found that such fear was not well-founded where she was not married, had no children, and was not pregnant. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best" even though his wife was pregnant with their second child); *see also INS v. Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (noting that a well-founded fear does not require high probability of persecution, but does require "an objective situation ... established by the evidence"); *cf. Rui Ying Lin v. Gonzales,* 445 F.3d 127 (2d Cir. 2006) (finding that substantial evidence did not support the IJ's conclusion that the petitioner's claim was "too speculative" where record evidence supported that "she already had two children, that she planned

to have more, that she had gone to great lengths to avoid being sterilized in China, and that she had removed her IUD after escaping to the United States"). Accordingly, the agency properly denied Zhang's application for asylum.

■ Because Zhang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991). Similarly, to the extent her claim for CAT relief was dependent upon the same factual predicate underlying her asylum and withholding of removal claims, the agency properly found that there was no evidence demonstrating that it was more likely than not that Zhang would be tortured if returned to China. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004). To the extent Zhang argued before the agency that she would face persecution or torture on account of her illegal departure from China, she has not raised that argument in her brief before this Court. Accordingly, we deem that argument waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.